CHARLES INGRAM *vs.* CITY PLANNER OF LYNN & another. January 3, 1966. A judge of the Superior Court of his own motion entered a decree dismissing this bill for declaratory relief. He assigned as his reason for refusing such relief (see G. L. c. 231A, § 3) that "there is no basis in law for granting any relief to [the] plaintiff." We agree.

*Decree affirmed.*

*Charles Ingram,* pro se (*Nicholas G. Curuby* with him).
No argument or brief for the defendants.

LORLY I. GOLDSTEIN *vs.* EDWARD M. GOLDSTEIN. January 4, 1966. The husband appeals from a decree adjudging him in contempt for failure to comply with a decree of the probate judge directing him to pay $25 a week for his wife's support. The latter decree modified the decree nisi which incorporated by reference until further order of the court a stipulation by the husband and wife giving to the wife custody of the children, an allowance for their support and a lump sum for alimony and providing for mutual release of all demands. Jurisdiction of the subject matter and the parties is not disputed and noncompliance with the decree for payment is admitted. The case thus being properly before us on the merits of the contempt decree, *Irving & Casson–A. H. Davenport Co.* v. *Howlett,* 229 Mass. 560, 562, the case is resolved adversely to the husband by what was said in *Fabrizio* v. *Fabrizio,* 316 Mass. 343, 346. We add that, although appeal is a proper method for review of a decree adjudging contempt, *Nickerson* v. *Dowd,* 342 Mass. 462, it does not reach back to the decree which was the subject of the contempt and from which no appeal was taken. *State Realty Co. of Boston, Inc.* v. *MacNeil,* 341 Mass. 123, 124.

*Decree affirmed.*

*Raymond J. Surdut,* of Rhode Island (*Maurice A. Rudman* with him), for the respondent.
*Lawrence D. Shubow* for the petitioner.