BEVERLY A. BANVILLE *vs.* RICHARD L. BANVILLE. January 7, 1986.
*Contempt. Probate Court,* Contempt proceeding, Appeal.

This action for divorce for irretrievable breakdown of the marriage, brought on February 23, 1981, by the wife against the husband, came on for trial on April 9, 1982. On that date the parties, represented by counsel, executed and filed a stipulation agreeing that a judgment should enter for divorce and that "all issues" be resolved as set out under various captions: custody, visitation, counseling (for husband and children), support, life insurance, savings certificates, marital home, and division of assets. The parties agreed that all personal property had been allocated between them. Judgment nisi of divorce entered the same day with an order incorporating and merging the stipulation in the judgment and directing the parties to comply with the terms of the stipulation. An order also entered allowing the wife an attorney's fee of $2,500. No appeal was taken from the judgment or order.

On July 2, 1982, the wife filed a complaint for civil contempt against the husband, alleging that he had disobeyed the judgment and order in that he had failed (a) to provide information regarding the savings certificates, (b) to do his part in transferring the marital home to the wife, (c) to furnish documents in connection with the division of assets, (d) to transfer to the wife a cottage located in Maine, (e) to give a $25,000 note as alimony, and (f) to pay the $2,500 attorney's fee.

On August 13, 1982, the husband answered the complaint averring that he had performed items (a) and (b); that the wife had refused to cooperate with respect to item (c), the division of assets; that it was by mistake that property outside the Commonwealth, item (d), was included in the stipulation; that the requirement of the note, item (e), was unfair; and that he was unaware at the time that an order for an attorney's fee, item (f), had been made and that he considered it unreasonable. The husband alleged, further, that the stipulation was "not free from fraud, signed by coercion of the

---

circumstances, and the values were unfair and unrealistic." He also charged that the wife had not cooperated in promoting a good relationship between the children and himself. The answer concluded with a request, in effect, for a reconsideration of the case extending back even to custody, visitation, alimony, and maintenance.

On August 13, 1982, the husband was adjudged in contempt for disobedience as charged in the wife's items (a), (d), (e), and (f). He was ordered committed to the Salem jail for seven days. The adjudication was stated to be "after hearing."

The husband took an appeal from the judgment of contempt on August 26, 1982, having obtained a stay of that judgment pending appeal.

Thereafter, on September 7, 1982 (shortly before the judgment nisi was to become absolute),[1] the husband filed a barrage of applications: a statement, under rule 58 (c) of Domestic Relations Procedure, of objections against the judgment nisi of April 9, 1982, becoming absolute ("After hearing, the within statement of objections is dismissed"); a motion to vacate or modify the judgment of April 9, 1982 (denied); a motion to stay the judgment nisi, or in the alternative to stay the property distribution ("See ruling under Rule 58[c]"); a motion for preliminary injunction to prevent the exercise of rights under the stipulation of April 9, 1982 (denied); a motion to withdraw and redraft the stipulation (denied); and a second motion to stay proceedings pending appeal from the order of commitment (apparently viewed as duplicative). The husband took no appeal from any of these actions of the judge.

In his brief in this court, the husband does little more than simply renew his grievances about the stipulation.

The only appeal properly before us is the appeal from the judgment of contempt, entered after hearing. What, if any, evidence was then offered by the husband is not shown of record. The judgment imports findings by the judge of the facts necessary to support it. See *Hinds* v. *Hinds*, 4 Mass. App. Ct. 63, 65 (1976), and cases cited. The judge could reasonably have taken the view that the husband was merely challenging on its merits the judgment nisi of April 9, 1982, incorporating the stipulation. As has been repeatedly held in the Commonwealth, such an attack on a judgment is not ordinarily a defense to a charge of contempt for disobeying the judgment. See *State Realty Co. of Boston, Inc.* v. *MacNeil*, 341 Mass. 123, 124 (1960); *Goldstein* v. *Goldstein*, 350 Mass. 762 (1966); *Yorke* v. *Yorke*, 2 Mass. App. Ct. 234, 237 (1974). See also G. L. c. 215, § 34B.

As to the applications made on September 7, 1982, of which the application under rule 58(c) was the most consequential since it purported to attack directly the judgment nisi, it is enough to say that the judge's actions have not been made the subject of any appeal. In no event can these actions,

---

[1] See G. L. c. 208, § 21 (prior to amendment by St. 1984, § 311).

which are not under appeal, serve to mitigate the contempt adjudication, which is here on appeal.[2]

The result is that the judgment of contempt stands, and the stay of that judgment should be dissolved.

By long delay in forwarding his appeal, the husband has had a respite of more than three years since his contempt was adjudicated. On the other hand, the wife, as appellee, chose not to move in the Probate Court to dismiss the appeal until January 14, 1985 (denied after hearing on April 12, 1985).

In the twenty-eight days before our rescript goes down, the husband may seek to purge himself. Otherwise he will be committed for the seven days. As the contempt was civil, he should be freed before the seventh day if he purges himself earlier. In any event he should be freed at the close of the seventh day, but would be exposed to further civil contempt until he finally purged himself.

The judgment of contempt is affirmed. The stay of that judgment is vacated.

*So ordered.*

*Thornton E. Lallier* for the defendant.
*George P. Laventis,* for the plaintiff, submitted a brief.

---

[2]Contrast on this point *Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 87-88 (1984).