## COMMONWEALTH vs. LENO L. DODGE.

Franklin. October 5, 1998. - February 10, 1999.

Present (Sitting at Greenfield): WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Contempt. Practice, Criminal,* Contempt proceeding. *Bail. Statute,* Construction. *Judge.*

A District Court judge's unequivocal order imposing pretrial conditions on a criminal defendant released on his own recognizance was a sufficient basis to support, when the defendant disregarded the order, an adjudication of criminal contempt. [862-863]

At the arraignment of a defendant on a complaint for operating a motor vehicle while under the influence of liquor, in violation of G. L. c. 90, § 24, the judge had neither statutory or inherent authority to impose pretrial conditions on the defendant's release from custody on personal recognizance. [863-866]

COMPLAINT received and sworn to in the Orange Division of the District Court Department on July 8, 1996.

The case was heard by *W. Michael Ryan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas E. Hagar* for the defendant.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. After a bench trial in the District Court the defendant appealed from a finding of criminal contempt under Mass. R. Crim. P. 44, 378 Mass. 920 (1979). We transferred the case here on our own motion. The defendant contends that his motion to dismiss the criminal contempt charge should have been allowed because the judge lacked authority to impose pretrial conditions on his release on personal recognizance and because the conditions attached to his release failed to constitute a clear and unequivocal judicial order. In addition to challenging the defendant's contentions, the Commonwealth argues that

the defendant has waived his right to challenge the terms of his release.[1]

*Facts.* On May 8, 1996, the defendant was arraigned in the Orange Division of the District Court Department on a complaint charging operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24. On the Commonwealth's request, the judge ordered the defendant, as a condition of his release, to undergo drug and alcohol screening as determined by probation and to participate in any outpatient counselling as determined by probation, including attending Alcoholics Anonymous or Narcotics Anonymous meetings.[2] After repeatedly refusing to undergo urinalysis testing the defendant moved to vacate the conditions of his release. The judge denied the motion and informed the defendant that his refusal to comply with the conditions would constitute contempt. Again, the defendant acknowledged that he understood the judge's order but still refused to comply. Consequently, the judge entered a judgment of contempt.[3]

1. *Criminal contempt.* The defendant's principal argument on appeal is that the judge erred in denying his motion to dismiss the criminal contempt charge because the judge had no authority to impose conditions on his release from custody. Alternatively, the defendant maintains that the imposition of conditions on his release was not an order on which a finding of criminal contempt could be based.

"[C]ontempt decrees, or those parts of such decrees, which are aimed at vindicating the authority and dignity of the court and punishing the contemnor for an affront to it, that is criminal contempts, will survive the reversal of the [erroneous] decree which was disobeyed." *Stow* v. *Marinelli*, 352 Mass. 738, 744 (1967), citing *United States* v. *United Mine Workers*, 330 U.S. 258, 293-294 (1947), and cases cited.

---

[1]Because of the view that we take of this case it is unnecessary to discuss the Commonwealth's claim of waiver.

[2]The defendant acknowledged that he understood the conditions of his release. However, he questioned the judge's reasoning for requiring such conditions. The judge explained to him that his record supported the inference that he was under the influence and that his record illustrated a history of substance abuse offenses.

[3]Initially a judgment of contempt was entered pursuant to Mass. R. Crim. P. 43, 378 Mass. 919 (1979), but that judgment was later vacated and a new one was entered pursuant to Mass. R. Crim. P. 44, 378 Mass. 920 (1979).

In *Stow* v. *Marinelli, supra,* the court described the proper way to contest criminal contempt proceedings:

> " 'The final decree becomes effective as soon as entered. The final decree is vacated . . . and proceedings under it are stayed . . . only upon the conjunction of two things, (a) an appeal therefrom seasonably claimed by one having a right to appeal . . . and (b) the entry of that appeal in this court.' *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 189 [(1943)]. When the acts which gave rise to the contempt petition occurred an appeal had been claimed but it had not been entered in this court. The decree, therefore, was in full force and effect and the conduct of [the contemnor] was a palpable violation of it. If [he] desired to be relieved from the effects of the decree pending the appeal, a remedy was open to [him]. As we pointed out in the *Loeb* case, *supra,* at pages 189-190, 'As soon as an appeal has been claimed, and before the final decree is vacated by entry of the appeal in this court, a statutory power arises in the court that entered the decree and also in this court, to grant any needed injunction and to make any other proper interlocutory order pending the appeal. G. L. . . . c. 214, §§ 21, 22.' Thus, [he] could have applied for a stay pending the appeal. Instead of availing [himself] of this remedy, [he] went ahead and flouted the decree. [He was] rightly adjudicated in contempt."

*Stow* v. *Marinelli, supra* at 743-744. In the present case, the defendant's motion to vacate the pretrial conditions was denied after a hearing. The defendant then disregarded the judge's order rather than complying with it and filing an appeal. He could not attack the propriety of the order in this manner.

We must decide whether the violation of the order of release subject to conditions was a sufficient basis to warrant a judgment of criminal contempt. "In order to prove a defendant guilty of criminal contempt, the Commonwealth must prove beyond a reasonable doubt that 'there was a clear, outstanding order of the court, that the defendant knew of that order, and that the defendant clearly and intentionally disobeyed that order in circumstances in which he was able to obey it.' " *Commonwealth* v. *Delaney,* 425 Mass. 587, 596 (1997), cert. denied, 522 U.S. 1058 (1998), quoting *Commonwealth* v. *Brogan,* 415 Mass. 169, 171 (1993).

We conclude that the order was a proper foundation on which

to base an adjudication of criminal contempt. Any lack of clarity regarding the judge's order that may have existed at the outset was dispelled during the hearing on the defendant's motion to vacate pretrial conditions.[4] Similarly this hearing removed any doubt about the defendant's knowledge of the order and his intentional violation of it. As a result, we affirm the defendant's conviction of criminal contempt.

Although the defendant did not appeal from the order granting his release from custody on personal recognizance subject to conditions, we nevertheless comment on the propriety of this order to aid trial judges and promote the fair administration of justice.

2. *Judge's authority.* We consider whether the judge had authority to impose pretrial conditions on the defendant's release

---

[4]The following discussion took place between the defendant and the judge:

THE JUDGE: "I want to be clear about one thing now. You understand that when you were arraigned before the court at that time that I made certain conditions and set certain conditions of your release and they were to comply with any pretrial drug and alcohol counseling including attending AA meetings or any other counseling and take any drug and alcohol screens, is that right?"

THE DEFENDANT: "I know you did say that, yes, I'm not sure of all the, everything, but I know you did say I was supposed to do that."

THE JUDGE: "And it's my understanding and it's been my understanding since that time that you have refused to comply with those conditions, is that correct?"

THE DEFENDANT: "Yes."

THE JUDGE: "And you understand, based on the way in which this matter now gets to the court, that you may be subject to contempt for your refusal to comply?"

THE DEFENDANT: "I understand that."

THE JUDGE: "And have you had any, I'm gonna ask you one more time now, before I actually tell you what I'm going to do which is make a determination that you are in contempt but I want to be sure that you understand that your refusal to comply with a court order as I've ordered it to you would be a basis for me finding you in contempt and ordering a punishment. Do you understand that?"

THE DEFENDANT: "Yes."

". . .

THE JUDGE: "Alright, I'm going to make a finding of contempt, order that he be sanctioned and I'm going to issue a written memorandum to that effect. The purpose would be, while perhaps I referred to requiring his compliance with the order of the court, it would not be that, the purpose would be for purposes of punishment. . . ."

on personal recognizance.[5]

(a) *Statutory authority.* The Legislature has expressly authorized the imposition of pretrial conditions for a defendant's release on bail or personal recognizance under G. L. c. 276, §§ 42A, 87, and 58A (§ 42A gives authority to impose conditions in domestic abuse related crimes; § 87 authority to impose conditions on pretrial release when defendant consents and is placed on probation[6]; and § 58A authority to impose pretrial detention or conditions of release based on the defendant's dangerousness[7]). However, none of these statutes is applicable to the defendant, and the general bail statute, G. L. c. 276, § 58, contains no such authority.

General Laws c. 276, § 58, provides in relevant part:

"A justice . . . in accordance with the applicable provisions of section fifty-seven,[8] shall . . . hold a hearing in which the defendant and his counsel, if any, may participate and inquire into the case and shall admit such person to

---

[5]The judge stated that there was "inherent common law authority as well as statutory authority" for his order and cited express statutory authority pursuant to G. L. c. 276, § 58A; G. L. c. 276, § 42A; and G. L. c. 90, § 24, including G. L. c. 276, § 58, and Mass. R. Crim. P. 7 (a) (1), as amended, 397 Mass. 1226 (1986). "A judgment which is correct on the facts will be upheld even though the stated ground for the judgment is unsound." *West Broadway Task Force* v. *Boston Hous. Auth.*, 414 Mass. 394, 398 (1993).

[6]General Laws c. 276, § 87, provides in relevant part that any court "may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty." See G. L. c. 276, § 87A, as amended through St. 1996, c. 12, § 10 (conditions of probation may include participation by person in specified rehabilitative programs); *Commonwealth* v. *Taylor*, *ante* 623, 626 (1999) (release subject to condition not equivalent of probation).

[7]Conditional release, pursuant to G. L. c. 276, § 58A, may be ordered, on a motion by the prosecutor, for certain categories of defendants who have been charged with felonies that have as an element of the crime "the use, attempted use, or threatened use of physical force against the person of another, or any other felony that by its nature involves a substantial risk that physical force against the person of another may result" and specifically includes charges that could result in a third or subsequent conviction for operating while under the influence of liquor. See G. L. c. 276, § 58A (1).

[8]General Laws c. 276, § 57, provides in relevant part: "A justice . . . may inquire into the case and admit such prisoner or witness to bail if he determines that such release will reasonably assure the appearance of the person before the court and will not endanger the safety of any other person or the community . . . ."

bail on his personal recognizance without surety unless said justice . . . determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the person before the court. In his determination under this section as to whether release will reasonably assure the appearance of the person before the court . . . said justice . . . shall, on the basis of any information which he can reasonably obtain, take into account the nature and circumstances of the offense charged, . . . his record of convictions, if any, any illegal drug distribution or present drug dependency . . . ."

The preferred disposition under the bail statute is release on personal recognizance. *Mendonza* v. *Commonwealth*, 423 Mass. 771, 774 (1996). See *Commonwealth* v. *Perito*, 417 Mass. 674, 678 (1994); *Delaney* v. *Commonwealth*, 415 Mass. 490, 495 (1993) ("Our Legislature intended § 58 to protect the rights of the defendant by establishing a presumption that he or she will be admitted to bail on personal recognizance without surety and by delineating carefully the circumstances under which bail may be denied").

Thus, where the Legislature has provided in three separate statutes the specific circumstances under which bail may be made subject to conditions, we find no implication in the detailed general bail statute that any bail determination not falling within the specific provision of those three statutes can be made subject to conditions. Such a reading of G. L. c. 276, § 58, would render the other three statutes superfluous. "[W]here the Legislature has employed specific language in one [section of an act], but not in another, the language should not be implied where it is not present." *Care & Protection of Rebecca*, 419 Mass. 67, 76-77 (1994), quoting *Beeler* v. *Downey*, 387 Mass. 609, 616 (1982). "[W]e must read the statute in a way to give it a sensible meaning." *Beeler* v. *Downey, supra*, citing *Lexington* v. *Bedford*, 378 Mass. 562, 570 (1979). We conclude, therefore, that no explicit statutory authority exists under G. L. c. 276, § 58, to make a defendant's pretrial release subject to conditions.

(b) *Inherent authority.* It is the Commonwealth's position that, absent an explicit statutory provision to the contrary, the judge had the inherent authority to set conditions on the defendant's release.

Inherent powers of the judiciary are "those 'whose exercise

is essential to the function of the judicial department, to the maintenance of its authority, or to its capacity to decide cases.' " *Brach* v. *Chief Justice of the Dist. Court Dep't*, 386 Mass. 528, 535 (1982), quoting *Sheriff of Middlesex County* v. *Commissioner of Correction*, 383 Mass. 631, 636 (1981). We have recognized that the courts' inherent powers need not be expressed by statute, but must involve the internal functioning of the judiciary. *Brach* v. *Chief Justice of the Dist. Court Dep't*, *supra*. The power to impose pretrial conditions on release from custody is not essential to the function of the judiciary. Furthermore, that such authority is expressly granted in §§ 42A, 58A, and 87, cuts against the claim that it is within the inherent power of the court. "The very conception of inherent power carries with it the implication that its use is for occasions not provided for by established methods. . . . [Only w]hen . . . [established] methods fail, and the court shall determine that by observing them the assistance necessary for the due and effective exercise of its own functions cannot be had, or when an emergency arises which the established methods cannot or do not instantly meet, then and not till then does occasion arise for the exercise of the inherent power." *Brach* v. *Chief Justice of the Dist. Court Dep't*, *supra* at 536, quoting *O'Coin's, Inc.* v. *Treasurer of the County of Worcester*, 362 Mass. 507, 516 (1972).

Therefore, we reluctantly reach the conclusion that the judge did not have authority in these circumstances to impose pretrial conditions on the defendant's release under G. L. c. 276, § 58. The judge was faced with a difficult situation and understandably was not eager to release unconditionally this defendant whose history of substance abuse created a strong possibility that his behavior, while on bail, would present a danger to himself or to the general public. The solution to the dilemma, however, is in the hands of the Legislature.[9]

The judgment of contempt is affirmed.

*So ordered.*

---

[9]An amendment to G. L. c. 276, § 58, patterned after G. L. c. 276, § 42A, might read: "The court may, in lieu of or in addition to any terms of personal recognizance and after such hearing, impose terms and conditions that will protect the defendant and the general public during the period of his release on bail."