COMMONWEALTH *vs.* LENNY S. WALLACE.

Norfolk. March 7, 2000. - June 15, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, & SPINA, JJ.

*Injunction,* Superior Court. *Practice, Civil,* Stay of proceedings. *Practice, Criminal,* Contempt proceeding. *Statute,* Construction.

This court construed the last sentence of G. L. c. 121B, § 32F, to mean that no permanent injunctive order shall be granted to a housing authority until there has been an *opportunity* for a trial on the merits, with the result that a valid permanent injunction issued against the son of a public housing tenant after he defaulted in the proceedings. [707-709]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on September 28, 1998.

A motion to dismiss was heard by *Mark S. Coven,* J., and questions of law were reported to the Appeals Court by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*J. Daniel Silverman* for the defendant.

*William T. Harrington,* Assistant District Attorney, for the Commonwealth.

*Martin J. Rooney, Kim M. Roussos, & Patricia F. Hunt,* for Quincy Housing Authority & others, amici curiae, submitted a brief.

LYNCH, J. The defendant has been charged with violating a permanent injunction, issued ex parte, pursuant to G. L. c. 121B, § 32F. A District Court judge denied the defendant's motion to dismiss the complaint and purported to report the following questions to the Appeals Court,[1] see Mass. R. Crim. P. 34, 378 Mass. 905 (1979):

---

[1] Under *Commonwealth* v. *Cavanaugh*, 366 Mass. 277, 279 (1974), an interlocutory appeal, like a report under Mass. R. Crim. P. 34, 378 Mass. 905 (1979), is "appropriate when the alternatives are a prolonged, expensive, involved or unduly burdensome trial or a dismissal of the indictment." Ordinarily, the judge should state the reason the issue is appropriate for interlocutory review rather than appellate review after trial. See *Com-*

"(1) Can the Superior Court, pursuant to M. G. L. c. 121B, [§§ ] 32A, et seq., grant a permanent injunction on behalf of a public housing authority only after a trial on the merits?

"(2) Must the District Court dismiss a criminal complaint for a violation of a permanent injunction entered pursuant to M. G. L. c. 121B, [§ ] 32F where that injunction entered after the default of the defendant and not after a trial on the merits?"

We transferred this case here on our own motion and affirm the denial of the defendant's motion to dismiss but for a different reason from that relied on by the judge. Because the issues raised by the reported questions are important and have been briefed and argued, we comment on the questions as well.[2]

1. *Facts and procedural history.* The essential facts, as summarized by the motion judge, are not in dispute. In November, 1993, the defendant was removed from his mother's residence in a building owned by the Quincy Housing Authority (housing authority) for vandalism and threats against other tenants. In July, 1996, the defendant, along with several other individuals, severely beat the husband of a housing authority resident while on housing authority property.

On August 8, 1996, the housing authority filed a civil complaint against the defendant seeking injunctive relief preventing the defendant from entering housing authority property. That day, a Superior Court judge issued a temporary restraining order, ex parte. The defendant was served, in hand, with the complaint, restraining order, and notice of hearing on a preliminary injunction.

The defendant did not answer the complaint against him nor did he appear at the hearing on the request for a preliminary

monwealth v. *Vaden*, 373 Mass. 397, 399 (1977); Reporters' Notes to Mass. R. Crim. P. 34, Mass. Ann. Laws, Rules of Criminal Procedure, at 320 (Lexis 1997). In this case, the judge did state that the questions of law are important.

Rule 34 provides that a judge may report a matter prior to trial if a question of law arises that is so important or doubtful as to require the decision of the Appeals Court. For the reasons explained *infra*, we comment on the reported questions.

[2]We acknowledge a brief of the amici curiae Quincy Housing Authority, Boston Housing Authority, Northampton Housing Authority, and Public Housing Authority-North Shore.

injunction, which was issued, ex parte, on August 15, 1996. Notice of the preliminary injunction was served in hand on the defendant. On April 17, 1997, a final default judgment entered and a permanent injunction was issued by the Superior Court judge. The defendant was served, in hand, with a copy of the judgment and permanent restraining order on July 31, 1997. The order clearly stated that violation of the order was a criminal offense. The defendant never challenged the restraining order under either the statutory provision, G. L. c. 121B, § 32F, or under Mass. R. Crim. P. 31, 378 Mass. 902 (1979), and Mass. R. A. P. 6 (a), as appearing in 378 Mass. 930 (1979).

On September 27, 1998, the defendant violated the restraining order and a criminal complaint was filed in the District Court. The defendant moved to dismiss pursuant to Mass. R. Crim. P. 13 (c), 378 Mass. 871 (1979), on the ground that the injunction was invalid because he defaulted and never had a trial on the merits as required by the statute.

2. *Collateral attack.* The defendant improperly challenges the validity of the injunction in his motion to dismiss the contempt proceeding. The proper method for challenging the injunction was either to exercise his statutory right to seek to modify or vacate the injunction pursuant to G. L. c. 121B, § 32F, or by moving to stay the execution of his sentence pursuant to Mass. R. A. P. 6 (a), and Mass. R. Crim. P. 31, 378 Mass. 902 (1979). Moreover, we have said that a defendant in a criminal contempt proceeding could not attack the propriety of a judge's order collaterally; the defendant should have applied for a stay pending appeal. *Commonwealth* v. *Dodge*, 428 Mass. 860, 862 (1999), quoting *Stow* v. *Marinelli*, 352 Mass. 738, 743-744 (1967); *Lowell Bar Ass'n* v. *Loeb*, 315 Mass. 176, 189 (1943).

This rule applies even if a judge's order is erroneous. Contempt decrees vindicate the authority of the court, and they survive the reversal of an erroneous court decree. See *Commonwealth* v. *Dodge*, *supra* at 861, quoting *Stow* v. *Marinelli*, *supra* at 744. See also *Nickerson* v. *Dowd*, 342 Mass. 462, 467 (1961) (one cannot contest validity of temporary restraining order in contempt proceeding). Because the issues have been fully briefed and argued, we proceed to consider the reported questions.

3. *Analysis.* General Laws c. 121B, § 32F, provides in pertinent part:

"All temporary restraining orders granted under section

thirty-two C shall remain in effect for no more than ten days from issuance. All other interlocutory orders granted under section thirty-two C shall be for a fixed period of time not to exceed one year, at the expiration of which time the court may extend any order upon a showing of good cause. All orders granted under section thirty-two C which expire after a limited term shall so state on the order. *No permanent order shall be granted except as a final judgment after a trial on the merits*" (emphasis added).

The sentence emphasized, *supra,* is the basis of the reported questions. The defendant argues that the permanent injunction was invalid because it was entered after a default rather than after "a trial on the merits."

"A literal construction of statutory language will not be adopted when such a construction will lead to an absurd and unreasonable conclusion . . . ." *Lexington* v. *Bedford,* 378 Mass. 562, 570 (1979), citing *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 489 (1941), and *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 583-584 (1941). Nor shall we interpret a statute in such a way as to make a nullity of its provisions if a sensible construction is available. See *Bombardieri* v. *Registrar of Motor Vehicles,* 426 Mass. 371, 378 (1998), quoting *Clean Harbors of Braintree, Inc.* v. *Board of Health of Braintree,* 415 Mass. 876, 883 (1993). See also *Commonwealth* v. *Williams,* 427 Mass. 59, 62 (1998), and cases cited.

The defendant urges us to give a literal interpretation of the phrase "trial on the merits." We decline, because to do so would defeat one of the explicitly stated purposes of the statute: to allow a housing authority to create a safe public housing environment, by protecting tenants from the unlawful actions of nontenants. G. L. c. 121B, § 32C. Moreover, such an interpretation would lead to an absurd result. It would mean that no permanent injunction could ever issue against an individual who defaulted in a civil action where a restraining order was sought, thus nullifying the provisions of § 32C. A sensible construction of the provision in question is that no permanent order shall be

granted until there has been an *opportunity* for a trial on the merits.[3]

4. *Conclusion.* The order of the District Court judge denying the defendant's motion to dismiss is affirmed. The report is discharged as not being properly before us. However, in the interest of judicial economy, we suggest that the answer to reported Question Number One is "No," making it unnecessary to answer reported Question Number Two.

*So ordered.*

---

[3]The Commonwealth speculates that the Legislature used the language it did to distinguish interlocutory from permanent injunctive relief. We need not speculate as to the reason for the language in the statute.