Lowy, J.
(dissenting). I disagree with the court’s reading of G. L. c. 276, § 58A (1). As indicated by our prior interpretations of this provision, I do not believe that the statutory language presents the degree of ambiguity suggested by the court.
The relevant portion of the statute provides, “The commonwealth may move, based on dangerousness, for an order of pretrial de *229 tention or release on conditions for... arrested and charged with... a third or subsequent conviction for a violation of [G. L. c. 90, § 24].” Although it is true that a person cannot be “arrested and charged with” a conviction, I disagree with the court that the language is so ambiguous that the provision “is at war with itself.” Ante at 226. Rather, I believe it is apparent that the Legislature intended to enable the Commonwealth to seek pretrial detention for individuals who were “arrested and charged with” what could be their third OUI conviction.
Indeed, this is precisely how this court has interpreted the provision in the past, albeit in dicta. In Commonwealth v. Young, 453 Mass. 707, 715 (2009), we wrote that pretrial detention is available when the individual has committed an offense that “evinces a disregard for the safety and well-being of others.” As an example, we stated that “the Commonwealth may seek pretrial detention if an individual has been arrested and charged with a violation of G. L. c. 90, § 24, that could result in a third or subsequent conviction of operating while under the influence” (emphasis added). Id. at 715-716. See Commonwealth v. Dodge, 428 Mass. 860, 864 n.7 (1999) (grounds for pretrial detention “specifically include[ ] charges that could result in a third or subsequent conviction for operating [a motor vehicle] while under the influence of liquor” [emphasis added]). I believe that we made these observations in dicta because they reflect a commonsense understanding of the statute.
Because I interpret § 58A (1) to allow for the Commonwealth to seek pretrial detention for individuals arrested and charged with what could be the third or subsequent OUI conviction, I respectfully dissent.