NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1020

ROBERT X. JENKINS

vs.

SHANTAL M. JENKINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The mother, Shantal M. Jenkins, appeals from a judgment of contempt entered by a Probate and Family Court judge. Concluding that the mother is obligated to obey the modification judgment of the court, from which she has neither appealed nor filed a motion for relief, we affirm.

On November 7, 2022, the parties entered into a stipulation that, among other things, requires the mother to pay the father $13 per week (in addition to base child support) and to provide proof of her current address.  A judge issued a judgment of modification on April 26, 2023, requiring the mother to abide by

the stipulation and to pay $319 per week in base child support.[1] The mother neither appealed this judgment nor filed a motion for relief from this judgment.

On March 19, 2025, the court held a trial on the father's complaint for contempt. The father testified that the mother failed to make any of the $13 per week payments and that she failed to provide proof of her address. The mother refused to answer the judge's questions about this. She stated that the stipulation "was made also under duress," but described no duress other than that the father had physical custody of the children and she "was upset."[2]

---

[1] The mother suggests in passing that she was not notified of the April 26, 2023, hearing in which the judgment was discussed. The docket sheet does not reflect her absence, and it does not appear that the mother ordered a transcript of the April 26, 2023, hearing. In any event, this is a matter that could have been raised in a motion for relief from judgment.

[2] The mother also testified that, despite having employment, she had "no money to support myself and the children and give [the father] 13." The mother makes no argument on appeal that she was incapable of making the payment or providing proof of address, and thus any such argument on appeal is waived. See Tody's Serv., Inc. v. Liberty Mut. Ins. Co., 496 Mass. 197, 199 n.3 (2025). Moreover, she has failed to provide us with the financial statements we would need to determine whether the judge erred in implicitly finding that the mother was capable of paying $13.00 per week. See Friedman v. Division of Admin. Law Appeals, 103 Mass. App. Ct. 806, 821 (2024), quoting Lodigiani v. Paré, 103 Mass. App. Ct. 140, 141 n.3 (2023) ("We stress that it is an appellant's duty to produce an appendix containing all portions of the record relevant to the issues raised on appeal").

2

The mother argues that the stipulation should be disregarded because it "was executed under duress."  She did not establish at trial that the stipulation was executed under duress, which is defined as being "under the influence of such fear as precludes [the signer] from exercising free will and judgment."  Biliouris v. Biliouris, 67 Mass. App. Ct. 149, 156 (2006), quoting Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 22 (1983).  See Okoli v. Okoli, 81 Mass. App. Ct. 371, 378 n.12 (2012) ("agreements were invalidated due to duress only where one party held absolute and preclusive control over an essential element of the divorce").  The terms were quite simple, and thus the mother's assertion that she lacked "a meaning opportunity . . . to understand or negotiate its terms" lacks credibility.  The fact that she was not provided with counsel does not invalidate the stipulation; a parent is not entitled to appointed counsel in a custody dispute with another parent, much less in a dispute over child support payments and verification of a home address.  See Ryan v. Lovendale, 105 Mass. App. Ct. 564, 569 (2025).

Moreover, the mother was found in contempt not for violating the stipulation, but for violating the judgment of the court dated April 26, 2023.  She could have challenged that judgment by appealing it or by filing a motion for relief from

judgment.  See Mass. R. Dom. Rel. P. 60 (b).  She could not simply disobey it, as "an attack on a judgment is not ordinarily a defense to a charge of contempt for disobeying the judgment." Banville v. Banville, 21 Mass. App. Ct. 951, 952 (1986).  See Commonwealth v. Wallace, 431 Mass. 705, 707 (2000).  Until such time -- if ever -- that she obtains relief from (or a modification of) that judgment, she must obey it.

Judgment affirmed.

By the Court (Vuono, Ditkoff & D'Angelo, JJ.[3]),

Clerk

Entered:  March 6, 2026.

---

[3] The panelists are listed in order of seniority.

4