NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1284

K.T.

vs.

D.T.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

D.T. (husband) and K.T. (wife) were divorced pursuant to a judgment of divorce nisi (divorce judgment) in March 2024. The husband appealed, and a different panel of this court affirmed the judgment in an unpublished memorandum and order. See K.T. v. D.T., 105 Mass. App. Ct. 1141 (2025). While that appeal was pending, the wife filed two complaints for contempt, both of which resulted in judgments in her favor, which entered August 13, 2024 (first contempt judgment), and May 22, 2025 (second contempt judgment). As we discuss later, a motion to amend the second contempt judgment in one minor respect was allowed on June 26, 2025. With respect to the first contempt judgment, the judge found the husband had failed to comply with several

provisions of the divorce judgment.  The second contempt judgment stemmed from the husband's failure to comply with the first contempt judgment.  The husband has appealed from both judgments, and the two appeals have been consolidated.  In addition, following oral argument on December 3, 2025, the husband filed a motion seeking emergency relief from the order allowing amendment of the second contempt judgment.  That motion, filed originally as a single justice petition, has been referred to this panel.  For the reasons discussed below, we affirm the first and second contempt judgments and deny the husband's motion.

1.  <u>The first contempt judgment</u>.[1]  As noted, while the husband's appeal from the divorce judgment was pending, the wife filed a complaint for contempt contending that the husband had failed to comply with various provisions of the divorce judgment, mostly pertaining to the division of marital assets.[2] A hearing on the contempt complaint was held on July 29, 2024,

---

[1] We acknowledge the wife's argument that the husband's brief should be stricken for failure to comply with Mass. R. A. P. 16 (a) (6), as appearing in 481 Mass. 1628 (2019), and that portions of the appendix should be stricken pursuant to rule 16 (e).  Given our resolution of the issues, we need not address this argument.

[2] The complaint was filed on June 7, 2024, and amended on June 25, 2024.

before a judge of the Probate and Family Court, who was not the judge who presided over the divorce proceedings.

At the start of the hearing, the husband's counsel made an oral motion to withdraw. The judge inquired whether the husband wanted to proceed "on [his] own" or with counsel, to which the husband responded, "I would prefer to have counsel, but I will go forward without one."[3] The judge then permitted counsel to withdraw. The judge also denied the husband's request for an evidentiary hearing and proceeded to hear arguments from the wife's counsel and the husband.

In a detailed and well-reasoned judgment, the judge found the husband guilty of contempt for failing to comply with six provisions of the divorce judgment, which required him to (1) provide proof of a life insurance policy naming the wife as the beneficiary; (2) pay the wife a sum of $174,163.45; (3) reimburse a Fidelity account with one-half of the funds withdrawn between certain dates, and pay that amount to the wife; (4) pay the wife $56,254.87 for her share of the husband's stock option proceeds; (5) provide the wife with a final schedule of his stock portfolio; and (6) transfer $237,661.58 to the wife from his IRA account. The judge ordered the husband to comply with all six provisions within seven to eighteen days,

_____

[3] The husband is a licensed attorney in Michigan and Massachusetts but does not practice law.

3

depending on the action required, and further ordered the husband to pay $10,000 in attorney's fees to the wife. Thereafter, on August 22, 2024, the husband filed a motion seeking relief pursuant to Mass. R. Dom. Rel. P. 60 (b) (rule 60 motion), which was denied. This appeal ensued.[4]

[4] We note that the parties have proceeded with the understanding that the husband filed a timely notice of appeal from the first contempt judgment. However, our review of the record calls this understanding into question. The docket shows that the first contempt judgment was entered on August 13, 2024. The husband filed his rule 60 (b) motion within ten days (on August 22) and therefore the time to file an appeal from the contempt judgment would begin to run upon the final disposition of the rule 60 motion (assuming neither party filed any additional motions). See Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019). On September 11, 2024, the judge issued a procedural order in which she refers to the rule 60 motion but does not affirmatively deny it. The judge wrote, in part, that she had "reviewed the motions filed by Husband. All requests for stay are denied. All motions are seeking relief pursuant to Rule 60 or 2-99 and do not require a hearing." The rule 60 motion was denied by an order dated November 1, 2024, and entered May 22, 2025. Thus, the thirty-day period for filing a notice of appeal from the contempt judgment ran from May 22 to June 23. No notice of appeal was filed during that time period. Instead, the husband filed a notice of appeal on October 3, 2024. That notice purports to appeal from a "contempt" dated September 11, 2024. However, no contempt judgment was entered on that day. The October 3rd notice clearly refers to the September 11 procedural order described above but, as we have noted, that order did not amount to a final disposition of the rule 60 motion. Consequently, the October 3rd notice was premature. All that said, given that the issues have been fully briefed and both parties apparently interpreted the September 11th procedural order as a final ruling on the rule 60 motion, we will address the merits of the husband's appeal. See Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019).

4

The husband first argues that the judge violated his right to due process by not conducting an evidentiary hearing, not continuing the hearing after permitting his attorney to withdraw, preventing him from presenting exculpatory evidence, and not resolving what he describes as "ambiguities" in his favor. The record provides no support for these claims and, as a result, there is no basis on which to conclude that the husband's due process rights were violated.

First, "a judge may properly rule on a complaint for contempt without an evidentiary hearing or without receiving live testimony [when] . . . material facts are not in dispute." Mahoney v. Mahoney, 65 Mass. App. Ct. 537, 540 (2006). The core material facts were not in dispute in this case. In fact, during the course of the hearing, the husband admitted that he had not complied with three of the six provisions on which he was found guilty of contempt.[5] Moreover, the husband did not dispute that he failed to comply with another provision requiring him to pay the wife $174,163.45 by May 31, 2024. The husband argues that some of the orders he did not comply with were the result of flaws in the divorce judgment, but those alleged flaws have no bearing on the validity of the contempt

_____

[5] The husband admitted that he had failed to timely provide proof of a life insurance policy naming the wife as beneficiary, had not timely provided a final schedule of his stock portfolio, and did not transfer $237,661.58 to the wife.

5

judgment.  An "attack on a judgment is not . . . a defense to a charge of contempt for disobeying the judgment."  Banville v. Banville, 21 Mass. App. Ct. 951, 952 (1986).  In sum, the undisputed facts show that the husband committed several material violations of the divorce judgment, and these violations provide a sufficient basis to find the husband guilty of contempt.  See O'Connell v. Greenwood, 59 Mass. App. Ct. 147, 153 n.7 (2003) (given that "there is one sound basis . . . sufficient to validate [the contempt judgment]," "we need not extend this [decision] by examining [other] evidentiary bases").  Consequently, the husband's due process rights were not violated by the judge's failure to hold an evidentiary hearing.

Second, with regard to the husband's claim that the judge should have continued the hearing, it suffices to note that the husband did not request a continuance.  The appropriate time to ask for one would have been at the point when the judge allowed the husband's counsel to withdraw.  He did not do so.  While we acknowledge that the judge informed the parties that the hearing would proceed that day, in the absence of a direct request for a continuance, this (unsubstantiated) claim provides no support for a violation of the defendant's due process rights.

Third, our review of the record provides no support for the husband's claim that he was prevented from presenting exculpatory evidence.  To the contrary, the husband had ample

6

opportunity to fully present his arguments to the judge. That the judge listened attentively is established by the numerous questions she posed to the husband, all of which he answered. At no point was the husband precluded from presenting his defense to the contempt allegations. Accordingly, the husband was not denied due process on this ground.

Finally, the husband has not provided us with any authority, nor are we aware of any, to support his assertion that ambiguous issues should be resolved in his favor. Accordingly, this argument similarly fails to support the husband's claim that his right to due process was violated.

The husband also argues that the judge abused her discretion in finding him guilty of contempt because the provisions of the divorce judgment with which he did not comply were ambiguous and, as such, did not constitute "clear and unequivocal command[s]." Birchall, petitioner, 454 Mass. 837, 851 (2009) ("[t]o constitute civil contempt, there must be a clear and undoubted disobedience of a clear and unequivocal command" [citation omitted]).[6] This argument also is unavailing. There was nothing imprecise or ambiguous about what the husband was ordered to do under the divorce judgment. The provisions at

_____

[6] See Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018) (contempt judgments reviewed for abuse of discretion).

7

issue were sufficiently definite so as to enable the husband to know what was required of him.  If the husband was uncertain about any aspect of his obligations, the proper course would have been to seek a modification or clarification and not ignore the order altogether.  See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass 501, 566-567 (1997).

Lastly,[7] the husband argues that the judge abused her discretion in awarding attorney's fees to the wife.  He claims that the award was improper because the wife filed the contempt complaint in bad faith, and because the wife and her attorney prolonged the proceedings and misrepresented the facts at the hearing.  A judge has considerable discretion in awarding attorney's fees and "[s]uch an award is 'presumed to be right and ordinarily ought not to be disturbed.'"  Murphy v. Murphy, 82 Mass. App. Ct. 186, 195 (2012), quoting Moriarty v. Stone, 41 Mass. App. Ct. 151, 159 (1982).  In addition, as the judge noted, G. L. c. 215, § 34A, creates a presumption in favor of an award of reasonable attorney's fees and costs to a successful party in a contempt action.  Given the circumstances presented, particularly the husband's admission that he failed to comply with aspects of the divorce judgment, we discern no abuse of

_____

[7] We note that the husband has advanced additional arguments relating to the underlying divorce judgment.  None of those arguments are properly before us and we do not address them.

8

discretion.  Moreover, the award was not excessive and was less than the amount ($12,862) requested.

2.  The second contempt judgment.  As discussed above, the husband was found guilty of contempt and ordered to comply with six separate provisions of the divorce judgment within seven to eighteen days and ordered to pay $10,000 in attorney's fees to the wife.  When he failed to comply, the wife filed a second complaint for contempt on September 13, 2024.  A hearing on that complaint was held before the same judge on November 4, 2024.  In a judgment entered May 22, 2025, the judge found the husband guilty of contempt for failing to comply with four of the six orders set forth in the first contempt judgment.  The husband was again ordered to comply with those provisions, and he was ordered to pay additional attorney's fees and costs.  The wife moved to amend the judgment, and her motion was allowed about one month later, on June 26, 2025.  On appeal, the husband argues that the second judgment of contempt should be vacated because it was not supported by documentary evidence, because he could not comply with the orders set forth in the first contempt judgment without the cooperation of the wife, which he claims he did not receive, and because the divorce judgment was flawed.[8]

---

[8] The judge found that, at the hearing on the second contempt, the husband argued that "he [was] not in contempt, and never has been in contempt, because of errors within the judgment of divorce."

9

We first address the wife's claim that the husband's appeal from the second contempt judgment was not timely and, therefore, the appeal should be dismissed. The second contempt judgment was entered on the docket on May 22, 2025. The husband filed his notice of appeal on June 20, 2025. The wife served a motion to amend the judgment on June 4, 2025. The motion was allowed on June 26, 2025. However, the wife's motion to amend the judgment did not toll the time for the filing of a notice of appeal, as she claims, because it was not served within ten days of the entry of the original judgment. See Mass. R. A. P. 4 (a) (2) (C), as appearing in 481 Mass. 1606 (2019). Thus, the husband was not required to file a new notice of appeal within 30 days of the entry of the amended judgment on June 26, and consequently, the husband's appeal from the second contempt judgment is properly before us.

After careful review of the record, we discern no basis for concluding that the judge abused her discretion in finding the husband guilty of contempt. The issue before the judge was whether the husband had complied with the orders set forth in the first contempt judgment. The record fully supports the judge's findings that the husband did not comply with four "clear and unequivocal commands" set forth in the first contempt judgment and that he did so intentionally. Indeed, at the hearing the husband admitted that he had not complied by failing

10

to pay the amounts due and had not paid the attorney's fees as ordered.  The judge further found that, based on the husband's financial statement filed on the date of the hearing, he had adequate assets ($782,762.00) to pay all amounts due.  Given these circumstances, we conclude that the husband was properly found guilty of contempt.[9]

3.  Motion for emergency relief.  In his motion seeking emergency relief, the husband requests that we vacate the order allowing amendment of the second contempt judgment, entered on June 26, 2025, on the ground that the Probate and Family Court no longer had jurisdiction due to his pending appeal.  He further argues that, on information and belief, the wife is dissipating funds that he claims should be held in escrow in accordance with the second contempt judgment -- before it was amended.  The motion is denied.

First, the husband's argument that the Probate and Family Court lacked jurisdiction to enter an amended judgment on June 26, 2025, fails because his appeal was not docketed in our court until July 10, 2025.  Second, although the husband is correct that before the second contempt judgment was amended, he was required to "pay to counsel for [the wife], to be held in escrow pending resolution of the appeal of the underlying divorce

---

[9] The wife's application for appellate attorneys' fees and costs incurred in connection with the two appeals is denied.

11

action or further order of this Court, the sum of $174,163.45, within ten days of this judgment," he ignores subsequent events. As discussed above, the wife filed a motion to amend the second contempt judgment in which she asserted that because the husband had already paid the funds at issue ($174,163.45) to her directly, the judgment should no longer require that the funds be held in escrow.  The motion was allowed.  Given these circumstances, it matters not whether the wife has used the funds in question.  The record establishes that those funds were due to be paid to the wife and the husband complied with the order to do so at some point before the second contempt judgment was entered in May 2025.  Consequently, the husband is not entitled to relief.

<u>Contempt judgment entered August 13, 2024, affirmed</u>.

<u>Contempt judgment entered May 22, 2025, as amended, affirmed</u>.

By the Court (Vuono, Shin & Smith, JJ.[10]),

Paul Little
Clerk

Entered:  April 1, 2026.

---

[10] The panelists are listed in order of seniority.

12