IRVING AND CASSON — A. H. DAVENPORT COMPANY & others *vs.* AUGUSTINE J. HOWLETT & others.

Suffolk. February 7, 1918. — March 1, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contempt. Equity Pleading and Practice,* Temporary injunction.

In proceedings for contempt for violation of a temporary injunction in a suit in equity the merits of the suit in which the injunction was granted are not involved and are not open for examination.

In proceedings for contempt for violation of a temporary injunction in a suit in equity where the court has jurisdiction of the subject matter and the parties the only question open is whether the order of the court has been disobeyed, and there can be no hearing in the contempt proceedings of the question whether or not the injunction is broader than the bill warrants or to determine whether on a final hearing the injunction should be dissolved.

BILL IN EQUITY, filed in the Superior Court on June 23, 1916, by twelve corporations and the members of five partnerships and

an individual person all engaged in the business of the manufacture and sale of lumber used by builders and carpenters for the inside finish of buildings in process of erection, and owning and operating woodworking mills in the city of Boston and its vicinity adapted and devoted to such manufacture, against certain officers and members representing the Carpenters' District Council, of Boston and Vicinity of the United Brotherhood of Carpenters and Joiners of America, to enjoin the members of that council among other restraints, from combining and conspiring in any way to prevent the use and sale of the plaintiffs' material by and to such persons as might desire to purchase and use them and from threatening in any way any person or persons who desired to use the plaintiffs' products that the use of such products would cause them labor troubles or loss of any kind.

The granting of a temporary injunction and the contempt proceedings for its alleged violation are described in the opinion.

The petition of the plaintiff J. H. Gerlach Company praying that the defendants Twomey, White and Feeley be attached for contempt of court was heard by *Fox*, J., upon the master's report and exceptions thereto. The judge overruled the exceptions and confirmed the report. He found the respondents Twomey and Feeley guilty of contempt and the respondent White not guilty, and sentenced the defendant Twomey to pay a fine of $200 and the defendant Feeley to pay a fine of $100. But, since it was contended that upon the facts found by the master the acts of the respondents acting as agents of the Carpenters' District Council of Boston and Vicinity of the United Brotherhood of Carpenters and Joiners of America, in calling off their men from a building where non-union trim was to be used, were lawful and that therefore no violation of the injunction was shown, the judge suspended the sentences and reported the case for determination by this court upon the pleadings, the stipulations, the interim decree of injunction, the petition for attachment for contempt, the master's report and the exceptions thereto, the exceptions, as stated in the opinion, being waived at the argument before this court.

*J. M. Hallowell,* (*L. A. Mayberry* with him,) for the respondents.
*E. A. Whitman,* for the petitioners.

PIERCE, J.  On July 20, 1916, the defendants Twomey and Feeley and others named in the bill of complaint, after hearing,

were restrained until further order of the court from "taking any aggressive action against the plaintiffs or any of them or against any contractors or builders using the products of the plaintiffs. . . ." On August 1 and 9, 1917, one of the plaintiffs, J. H. Gerlach Company, filed a petition in the Superior Court that the defendants Joseph F. Twomey, John T. White and J. Feeley be attached for contempt for violation of the said injunction. The petition was referred to a master to find the facts and report to the court. Hearings were duly held before the master and he filed his report in the Superior Court on November 30, 1917. The evidence before the master is not reported and all exceptions to the report were waived at the hearing before this court. As conclusions of fact resulting from the reported subsidiary facts, the master found that "what the respondents did as above set forth was in covert violation of the injunction of July 20, 1916, and also in covert violation of the stipulation of December 18, 1916." The findings of fact and conclusions of fact based on evidence which is not reported cannot be disturbed and are not reviewable by this court. *Craig* v. *Warner*, 216 Mass. 386, 393.

In the Superior Court upon the petition coming on to be heard the trial judge overruled the exceptions and confirmed the report of the master, and thereupon found the respondents Twomey and Feeley guilty of contempt, and the respondent White not guilty; and sentenced the respondents Twomey and Feeley to pay a fine. The judge suspended the sentences and reported the case to this court because of the contention of the respondents "that upon the facts found by the master the acts of the respondents . . . in calling off their men from a building where non-union trim was to be used, were lawful and that therefore no violation of the injunction was shown."

Upon proceedings for contempt it is the generally accepted rule that the only inquiry is whether the court granting the injunction had jurisdiction of the subject matter and the parties, and whether the order has been violated. The merits of the original cause are not involved and are not open for examination.. *Hamlin* v. *New York, New Haven, & Hartford Railroad*, 170 Mass. 548. Nor can there be a hearing to determine whether or not the injunction is too broad or whether on final hearing the injunction should be dissolved. The only remedy is an application to the

trial court for a modification or construction of its order, if the defendants be advised that the order is broader than the bill of complaint warrants. So long as the order stands unrevoked or unmodified, it is the duty of the defendants enjoined to observe and obey the order implicitly. High on Injunctions, (4th ed.) 1416, and cases there collected. In the case at bar the Superior Court had jurisdiction of the subject matter and of the parties, and it is admitted that it made the order during the pendency of the action in which it was allowed. Its purpose was to hold matters *in statu quo* pending the litigation between the parties to the suit. It was the plain duty of the respondents while the order was in force to obey it. It results that the judgments of the Superior Court must be affirmed.

*So ordered.*