STATE REALTY COMPANY OF BOSTON, INC. & others
*vs.* ANGUS M. MACNEIL.

Suffolk.    April 6, 1960. — June 3, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Contempt. Equity Pleading and Practice,* Contempt proceeding. *Equity
    Jurisdiction,* Vexatious litigation.

A contempt proceeding in the Superior Court for disobedience of an
    equity decree within the court's jurisdiction was erroneously dismissed
    on the ground that the judge hearing the contempt proceeding disap-
    proved of the decree; it was not within his province to inquire into the
    merits of the decree.  [124]
It was within the jurisdiction of a court of equity to enter in a suit a
    decree enjoining as vexatious further litigation by the defendant re-
    specting certain matters.  [124]

PETITION for contempt filed in the Superior Court on
September 22, 1959.

The case was heard by *Tomasello, J.*

*Phillip Cowin,* for the petitioners.

*Angus M. MacNeil,* pro se.

WILKINS, C.J.    This is a petition for contempt for viola-
tion of two decrees of injunction entered in the Superior
Court.    The first, entered on April 25, 1956, was modified
on December 13, 1956, and vacated on February 7, 1958.
The second, entered on May 8, 1959, is still in force.    Both
injunctions included an order designed to prevent the re-
spondent from further litigating matters relating to a note
dated June 29, 1950, of MacNeil Bros. Company to the
respondent or the mortgage of real estate securing it; or to
the possession or management of any of the properties re-
ferred to in the mortgage or the collection of rents from
them; or to the title of any of the properties in Somerville
referred to in the mortgage.    Both contained a prohibition
against carrying on such litigation in any court, subject to
further order.

The petition charged the respondent with one specific violation of the first decree and three specific violations of the second decree, two being in Federal courts outside the District of Massachusetts. The respondent was before the court upon a capias issued for his arrest when he failed to appear when the petition was to be heard. After statements of counsel, the trial judge removed the default and dismissed the petition. The petitioners appealed.

The ground of the judge's action seems to have been that he disapproved of the injunctions issued by other judges of the Superior Court. This, however, was not for his determination. "Upon proceedings for contempt it is the generally accepted rule that the only inquiry is whether the court granting the injunction had jurisdiction of the subject matter and the parties, and whether the order has been violated. The merits of the original cause are not involved and are not open for examination. *Hamlin* v. *New York, New Haven & Hartford Railroad,* 170 Mass. 548." *Irving & Casson–A. H. Davenport Co.* v. *Howlett,* 229 Mass. 560, 562. As long as the decree remained in force the respondent was bound to obey it. *New England Novelty Co. Inc.* v. *Sandberg,* 315 Mass. 739, 753. Proceedings for contempt may be maintained for violation of an injunctive order even after it has ceased to be of binding force. *Wireless Specialty Apparatus Co.* v. *Priess,* 246 Mass. 274, 277. *Joyce* v. *Hickey,* 337 Mass. 118, 123. *MacNeil* v. *Judge of the Superior Court,* 339 Mass. 774.

In view of the record in this case and the history of its derivative litigation which already has produced nearly a score of reported decisions in this court and in Federal courts, the injunction undoubtedly was aimed at putting a stop to harassing, vexatious, and repetitious litigation initiated by the respondent. A court of equity has ample power to grant such relief. *Steinberg* v. *McKay,* 295 Mass. 139, 143. *Potter Press* v. *C. W. Potter, Inc.* 303 Mass. 485, 494. *Boyajian* v. *Hart,* 312 Mass. 264, 266. *Bay State Cafe Inc.* v. *Cohen,* 336 Mass. 758. *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 233. 91 A. L. R. 570.

The petitioners argue that the default was removed in violation of Rule 27 of the Superior Court (1954). We do not feel able to decide this question on this record.

*Decree dismissing petition reversed.*