Fahey, Elizabeth M., J.
The pro se plaintiff, Gregory Langadinos (“Mr. Langadinos”), brought this action against the defendants, Southern New England School of Law, Inc. and Robert Victor Ward, Jr. (collectively, the “Defendants”), alleging claims based on breach of contract and defamation. In a Memorandum of Decision and Order dated May 3, 2012, I dismissed the case for fraud upon the court and for repeated noncompliance'with my orders.
The Defendants now seek a permanent injunction enjoining Mr. Langadinos from filing any future law suits in the Massachusetts state court system without prior approval by a justice thereof. As they argued in their Memorandum of Law and at the June 28, 2012 hearing, the Defendants seek an injunction because “Mr. Langadinos has filed numerous baseless lawsuits in which he has engaged in character assassinations, filed vexatious and fraudulent pleadings and, . . . threatened his ‘victims’ with endless, vexatious, prohibitively expensive civil and criminal litigation unless they accede to his. monetary demands.”
I have already determined that in this case plaintiff “altered documents before filing them in order to hinder Defendants’ ability to respond to discovery requests and to get their lawyer sanctioned; filed two baseless lawsuits in another county of the Superior Court in order to harass and intimidate Defendants’ lawyer and to interfere with Defendants’ ability to mount a defense in this case; committed perjury in open court; filed two materially false affidavits and one forged affidavit knowing that the affiants had disclaimed them; filed at least two of his own materially false affidavits in different attempts to obtain favorable rulings; knowingly made false statements of material fact before [the] court; purposefully misrepresented [the] court’s prior rulings in an attempt to conceal his fraud; systematically abused the judicial process in order to make it difficult or impossible for Defendants to respond to his motions; and repeatedly and unabashedly placed slanderous, defamatory and racially charged language in his pleadings, in complete disregard of [the] court’s orders.” I also found that the plaintiff “harassed and intimidated two friends, both lawyers and officers of this court, into signing false affidavits [footnote omitted] so that they could assist him in perpetrating the fraud, and so that he could claim attorney/client privilege in order to cover it up.” See Court’s Memorandum of Decision and Order dated May 3, 2012 at pp. 26-27.
“The Superior Court may prudentially exercise its inherent discretion to enjoin a plaintiff from bringing future legal proceedings without prior leave of court when such an injunction is necessary to put ‘a stop to harassing, vexatious, and repetitious litigation.’ ” Pandey v. Two Assoc. Justices of Superior Court, 2004 WL 1872741 at *3 (Mass.App.Ct. 2004) (unpublished opinion pursuant to Rule 1:28), quoting State Realty Co. of Boston v. MacNeil, 341 Mass. 123, 124 (1960). This Court agrees with the Defendants that the cir *279 cumstances presented by this case, plus the plaintiffs history of filing cases as discussed below, warrant the exercise of this discretion. His filing history indicates that Mr. Langadinos has filed numerous cases, at least some of which show his willingness to engage in a continuing pattern of harassing, vexatious, and repetitious litigation. Moreover, by virtue of his pro se and his mostly indigent statuses, Mr. Langadinos cannot be effectively deterred by the threat or actual imposition of monetary penalties.[2]
A review of the Superior Court computer dockets indicate the following.
Plaintiff filed in Bristol County, Langadinos v. Rainville et al., 1998-8643, in which he alleged a medical malpractice claim, 93A claims, and alleged violations of the patient’s bill of rights against Dr. Rainville. Plaintiff also brought promissory estoppel claims against a vice president at Health South. Plaintiff appealed a Superior Court judge’s allowance of summary judgment as to all of plaintiffs claims except the medical malpractice claim. That medical malpractice claim was reviewed by a tribunal which found for Dr. Rainville. When Mr. Langadinos failed to post the bond, that claim was dismissed. The 1:28 decision affirmed the Superior Court’s actions.[3]
Plaintiff has also filed in Middlesex:
1) Langadinos v. Johnson, 1986-4625 (disposed by settlement)
2) Langadinos v. Langadinos, 1996-3806 (disposed by settlement)
3) Langadinos v. Patel et al., 2010-4502 (he’s indigent; disposed by settlement)
4) Langadinos v. Kurnos et al., 2011-2356, and Langadinos v. Southern New England School of Law, Inc. et al., 2011-2357. Although these cases relate to his Suffolk case, he filed these separately in Middlesex, alleging violations of the Civil Rights Act and seeking an injunction from harassment; the dockets reflect he filed both cases as an indigent plaintiff. It is these two cases which best exemplify plaintiffs filing cases which are harassing, vexatious and repetitive.
5) Langadinos v. Pezza, 2012-0911
In Norfolk, Langadinos filed Langadinos v. Sears Holding Management Corp., 2012-703. The docket reflects that plaintiff filed his complaint alleging indigency. After court review of his affidavit of indigency, plaintiff was granted five days to file a supplement. Plaintiff then paid the filing fee. Three months later, plaintiff filed a Notice of Voluntary Dismissal.
In Suffolk, plaintiff filed Langadinos v. Colucciello Construction Company, 1991-8087. The docket reflects that this case was held on October 3, 1994, that “plaintiff (then) is law student. Defendant denies that it was involved in the accident. Defendant also disputes causal connection between accident.” A Stipulation of Dismissal entered on October 5, 1994.
This list is not exhaustive and does not include lawsuits filed by Mr. Langadinos in federal court, district court or in any other state, though the record in this case revealed plaintiff has filed at least one case in U.S. District Court in Boston and a case in Tennessee.
These cases reveal that Mr. Langadinos is litigious. In this Court’s experience in dealing with Mr. Langadinos, he repeatedly refuses to follow court directions to comply with the applicable civil rules and not to disparage, insult or “engage in character assassinations,” all of which Mr. Langadinos did repeatedly in this case as to these Defendants, their counsel and to other attorneys referenced in the case. This Court is satisfied that entering the requested order as to this plaintiff is entirely appropriate.
ORDER
It is hereby ordered that the plaintiff, Gregory Langadinos, is enjoined from filing any action at law or equity in any Massachusetts state court of original jurisdiction against any party without first complying with the procedure outlined herein. All complaints that Mr. Langadinos submits must be signed under the pains and penalties of perjury and accompanied by a copy of this Order. Before requiring any defendant(s) to file an answer, the clerk will bring the complaint to the Regional Administrative Judge, or his or her designee, of the Superior Court Department for the county where the court in which Mr. Langadinos seeks to file the complaint is located. The Regional Administrative Judge, or his or her designee, shall review the complaint and conduct a brief hearing on the record to determine whether the claims are frivolous. At any such hearing, the Regional Administrative Judge, or his or her designee, shall hear from, at least, Mr. Langadinos regarding his claims and any defenses.

 By proceeding pro se, Mr. Langadinos has been able to avoid liability under G.L.c. 231, §6F for bringing frivolous actions. (General Laws c. 231, §6F authorizes the court to award counsel fees and other costs and expenses incurred by a party in defending against claims it finds to be “wholly insubstantial, frivolous and not advanced in good faith.” Such relief is only available, however, if the claims were asserted by a “party who was represented by counsel during most or all of the proceeding!.]” G.L.c. 231, §6F.)
Further, as he has sometimes been adjudged indigent, Mr. Langadinos may not be able to pay an award, as has been imposed in this case, of attorneys fees and costs for his fraud on the court. Mr. Langadinos’s indigency renders such an award not only an ineffective deterrent for Mr. Langadinos, but an ineffective remedy for the Defendants, as well.

 No information as to whether Mr. Langadinos filed an affidavit of indigency appeared on the computer docket for this and some of the other older cases referenced herein (Middlesex 1986-4625 and 1996-386; Suffolk 1991-8087). The dockets of the older cases, as they appear on the computer, may be incomplete.