NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-846
24-P-1067

CRAIG KIRCHDORFER

vs.

KELLY ANN KIRCHDORFER (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The former husband, Craig Kirchdorfer (husband), appeals from (1) a judgment on the former wife's, Kelly Ann Kirchdorfer's (wife), complaint for contempt for failure to pay child support and (2) an order dismissing his statement of objections to a judgment of divorce nisi. We affirm.

Background. In 2005, the parties purchased a home, sharing the expense equally. In 2007, the parties separated and sold their home. In 2009, the parties reconciled, resumed living together, and shared household bills equally. In 2013, the parties married. In 2020, the parties stopped living together,

_____

[1] Craig Kirchdorfer vs. Kelly Ann Kirchdorfer.

and their marriage irretrievably broke down with no hope of reconciliation.

The wife is a dental hygienist and earns an average weekly income of $765.52. During the marriage, the husband was employed by Keolis Commuter Services (Keolis). Between 2015 and 2022, the husband was in and out of work several times due to multiple surgeries, most of which resulted from work-related injuries. Between 2019 and 2022, the husband earned an average of $134,879.75 per year from a combination of wages, medical leave pay, and short term disability benefits. In 2020, the husband received a workers' compensation settlement in the net amount of $200,000. In 2023, the husband earned $2,341 per week through April 18, 2023, when he received a letter from Keolis removing him from service due to his alleged absences from assigned locations on various dates when he was on duty. The judge did not credit the husband's testimony that he stopped working due to health issues. At the time of trial in December 2023, the husband alleged that he was receiving disability benefits from Keolis, but he listed his sole sources of income as unemployment insurance and worker's compensation, totaling $788 per week. The husband has not sought further employment with Keolis or any other employer. At the time of trial, neither party had any significant assets, and both parties'

2

weekly expenses exceeded their net income.  The wife had no financial liabilities, and the husband had $36,638.30 in debt.

In 2017, the parties' child was born.  From January 2018 to September 2020, when the parties separated, the wife was the primary caretaker of the child.  The child has been diagnosed with anxiety, a speech disorder, and attention deficit hyperactivity disorder, and he has been on an individualized education program since 2020.  Prior to the parties' separation, the wife scheduled the child's medical and educational appointments and cared for him on her days off from work.  After the parties separated, the husband took over scheduling appointments.  The husband did not adhere to the wife's request that he schedule appointments on her days off from work so that she could attend the appointments, which created "unnecessary conflict" between the parties.  The husband also scheduled medical and educational appointments without informing the wife.  The judge did not credit the husband's allegations that the wife consistently missed the child's therapy appointments and was routinely late to pick up the child from school.

On November 18, 2021, the parties stipulated that the husband would pay $215 per week in child support.  At the time of trial, it was undisputed that the husband was in child support arrears in the amount of $8,412.14.  The judge found that, during the period that the husband failed to pay child

3

support, he recklessly dissipated the parties' "only marital asset," his $200,000 workers' compensation settlement, despite being "on notice" that such dissipation violated the automatic restraining order imposed by Rule 411(a)(1) of the Supplemental Rules of the Probate and Family Court (2012). For disobeying the order to pay child support and the automatic restraining order, the judge entered two contempt judgments against the husband.[2]

At the conclusion of trial, the judge did not order either party to pay current child support. The judge ordered the husband to pay the wife $8,412.14 for child support arrears at a rate of $150 per week, in addition to twenty-five percent of his workers' compensation settlement ($50,000). The judge required the husband to keep the wife informed of the status of his disability claim and of any change in his income. The parties were ordered to share equally the costs of child care and extracurricular activity expenses. The judge ordered the parties to share legal and physical custody of the child, including equal parenting time. The wife was ordered to be responsible for arranging the child's appointments. On April 8, 2024, the judgment of divorce nisi entered. The husband filed a

_____

[2] The husband appeals only from the judgment of contempt for failure to pay child support.

4

statement of objections, on which the judge issued an order declining to amend the divorce judgment.

Discussion.  1.  Contempt judgment.  "We review the judge's ultimate finding of contempt for an abuse of discretion." Martinez v. Lynn Hous. Auth., 94 Mass. App. Ct. 702, 705 (2019). "[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command" (citation omitted).  Department of Revenue Child Support Enforcement v. Grullon, 485 Mass. 129, 133-134 (2020). "In addition, the defendant must be found to have the ability to pay at the time the contempt judgment enters" (citation omitted).  Poras v. Pauling, 70 Mass. App. Ct. 535, 540 (2007).

The husband contends that the judge erred by not crediting him with $2,802.62 in alleged payments against the $8,412.14 in child support that he owed the wife.  The judge found the amount of child support arrears was undisputed at the time of trial. The husband did not include conclusive documentation of his child support payments in the appellate record, and failed to provide us with the trial transcript, so we cannot say that the judge's findings were clearly erroneous.  See Matter of Valerie R. Pecce Supplemental Needs Trust, 99 Mass. App. Ct. 376, 381-382 (2021).

The husband further argues that the judge's order to pay child support was ambiguous because it did not specify how the

5

husband was to be credited for paying child support.  Despite an alleged "lack of clarity about how [the] payments were to be applied," the husband's responsibility to make the payments was clear and unequivocal.  See Stabile v. Stabile, 55 Mass. App. Ct. 724, 726-727 (2002) ("a party's self-serving characterization of a provision as 'ambiguous' does not make it so").

The husband also asserts that he did not willfully violate the order.  Instead, he claims that he did not pay child support because he could not afford to do so.  The judge did not credit the husband's and his mother's claims about his financial situation, and we decline to disturb the judge's credibility assessments or her findings of fact.  See Corrado v. Hedrick, 65 Mass. App. Ct. 477, 484 (2006) ("Findings that are based on credibility assessments are uniquely the province of the trial judge, and we will not disturb them on appeal").

That the husband's parenting time might (as he claims) have increased after the child support stipulation does not excuse his noncompliance with it.  He remained required to comply unless and until he obtained a modification of his obligation, which he failed to do.  Nor was the wife limited to recovering arrears from February 24, 2023, forward, as sought in her complaint for contempt.  The complaint also sought "such other relief as the Court deems just," and the husband cites no

6

authority preventing the judge from ordering payment of the actual arrears amount.

Accordingly, because the husband willfully failed to comply with the judge's order to pay child support, and he could afford to do so, the judge did not abuse her discretion by finding the husband to be in contempt and ordering him to pay the undisputed arrears. See Poras, 70 Mass. App. Ct. at 539-540.

2. Denial of due process. On April 12, 2023, the judge issued a temporary order that "[n]either party shall be permitted to file any further motions or pleading without first obtaining Court approval." The husband argues that this order violated his right to due process, but he does not point to any filing prevented or prejudicially delayed by the order. The judge acted within her discretion to enjoin both parties from filing additional pleadings without prior leave of the court where such an injunction was necessary to put "a stop to harassing, vexatious, and repetitious litigation." See State Realty Co. of Boston v. MacNeil, 341 Mass. 123, 124 (1960). See also Bishay v. Superior Court Dep't of the Trial Court, 487 Mass. 1012, 1013 (2021).

3. Dismissal of statement of objections. On July 2, 2024, the husband filed a statement of objections pursuant to Mass. R. Dom. Rel. P. 58 (c), seeking to prevent the divorce judgment from becoming final as to custody and parenting time, child

7

support, and the division of assets and liabilities.  On July 12, 2024, the judge dismissed the husband's statement of objections.[3]  "A [party] may seek relief from a judgment of divorce nisi by filing a statement of objections pursuant to Mass. R. Dom. Rel. P. 58 (c), for any cause sufficient in law" (quotation and citation omitted).  Franzosa v. Franzosa, 98 Mass. App. Ct. 179, 181 (2020).  "We review the judge's decision" to dismiss the statement of objections "for an abuse of discretion or other error of law."  Id. at 182.

Here, the "cause[s] sufficient in law," asserted by the husband in his statement of objections were that (1) the judge unjustly ordered that the wife would be responsible for arranging the child's appointments; (2) the husband's right to seek future modification was unjustly limited by the divorce judgment's provision that his exercise of "mutually agreed upon" additional parenting time shall not "in and of itself" constitute a basis for such modification; (3) the husband was required to pay $8,412.14 that he owed in child support arrears, even though he was not required to pay current child support; (4) the requirement that the husband keep the wife informed of

---

[3] Although the husband complains that the judge erred by not holding a hearing on the issue, his statement of objections did not request such a hearing, rule 58 (c) does not require one, and the husband cites to no authority requiring a hearing in the circumstances presented.

8

the status of his disability claim and of any change in income violated his right to privacy; and (5) the order that the husband pay the wife twenty-five percent of his workers' compensation settlement was improper because the settlement was "governed by" a Federal statute, among other reasons.

The judge has "broad discretion to fashion judgments in divorce proceedings that will best protect the interests and welfare of the parties' minor children" (citation omitted). Fleming v. Fleming, 62 Mass. App. Ct. 103, 108 (2004). Here, the judge concluded that the child's best interests would be served by allocating to the wife responsibility for arranging appointments. The judge's decision was supported by the finding that the husband's scheduling practices "created unnecessary conflict between the parties." Accordingly, the judge acted within her discretion by determining that assigning scheduling to the wife would be in the child's best interests. See id.

The husband objected to the judge's order that the husband could have additional parenting time as agreed on by the parties, but that such additional parenting time would not "in and of itself" constitute a basis for any future modification action. The husband asserts that this unfairly restricts his ability to modify parenting time, even if such modification would be in the child's best interest. To the contrary, the order does not restrict any future modification that would be in

9

the child's best interest.  The judge acted within her discretion by ordering that the parties could agree to additional parenting time for the husband, see Fleming, 62 Mass. App. Ct. at 108, and such additional time, being contemplated by the divorce judgment, is not "in and of itself" a material change in circumstances, see G. L. c. 208, § 28 (modification requires finding "that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the children").

The husband contends that the judge's order that he pay $8,412.14 in child support arrears, but that he not pay current child support, was unfairly "contradictory."  On November 18, 2021, the husband stipulated that he would pay the wife $215 per week in accordance with the child support guidelines, and he did not pay $8,412.14 of the child support that he owed.  On the record before us, we cannot say the judge abused her discretion in declining to retroactively adjust father's child support obligation at the time of the divorce judgment.

The husband argues that the requirement that he keep the wife informed of the status of his pending disability claim and of any change in his income violated his right to privacy.  A subsequent modification to the child support order would depend on the extent to which "the parties' financial circumstances

10

have changed since the entry of the prior judgment." See Emery v. Sturtevant, 91 Mass. App. Ct. 502, 508 (2017). Accordingly, it was within the judge's discretion to require the husband to apprise the wife of changes in his financial circumstances.

The husband also asserts that the judge erred by concluding that his workers' compensation settlement was marital property because his injury was "governed by" 45 U.S.C. §§ 51-60, the Federal Employers' Liability Act.[4] The husband cites no applicable support for the argument that the judge lacked the authority to conclude that the settlement was marital property. The sole case he cites, Monheim v. Union R.R. Co., 996 F. Supp. 2d 354 (W.D. Pa. 2014), appears to have no bearing on the question. Because "the accident occurred during the marriage and the settlement was received before the judgment of divorce

---

[4] To whatever extent the judge may have excluded from evidence, as outside of the business records exception to the rule against hearsay, a "non-wage allocation/[Railroad Retirement Board] lien letter" assertedly bearing on the nature of the settlement, this would not have been an abuse of discretion. Among other reasons, the husband has failed to show that the record was made by a business, as opposed to the husband himself.

nisi became final," the settlement was a marital asset.  See

<u>Warnajtys</u> v. <u>Warnajtys</u>, 97 Mass. App. Ct. 690, 692 (2020).[5,6]

<u>Judgment of contempt for
    nonpayment of child support
    affirmed</u>.

<u>Order dismissing statement of
    objections affirmed</u>.

By the Court (Desmond,
    Sacks & Brennan, JJ.[7]),

Clerk

Entered:  July 23, 2025.

---

[5] On the record before us, the husband appears to contend for the first time on appeal that the judge engaged in judicial misconduct and ethical violations.  We find no support in the record for these contentions.  Rather, the husband's arguments amount to a disagreement with the judge's imposition of financial obligations on him.

[6] To the extent that the husband makes additional arguments, "they 'have not been overlooked.  We find nothing in them that requires discussion.'"  <u>Commonwealth</u> v. <u>Sosa</u>, 493 Mass. 104, 124 n.12 (2023), quoting <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954).

[7] The panelists are listed in order of seniority.

12