NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1204

BODHISATTVA SKANDHA

vs.

COMMISSIONER OF CORRECTION & another[1] (and a consolidated case).[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, a pro se prisoner, alleged that pieces of plastic from broken meal trays could have made their way into his meals.  He sued the food services director of the prison, alleging the same.[3]  A Regional Administrative Justice of the

---

[1] Superintendent of MCI-Norfolk.

[2] Skandha v. Puccio.

[3] The plaintiff's appeal concerning claims against the food services director, Skandha v. Jack Puccio (24-P-1119) was consolidated with a separate appeal from the dismissal of his complaint against the Commissioner of Correction and the Superintendent of MCI-Norfolk (24-P-1204).  The consolidation order directed the plaintiff to file a brief and appendix addressing "all issues in the consolidated appeal (Superior Court dockets 2484CV02143 and 2484CV02264)."  The record appendix filed by the plaintiff failed to include a copy of the complaint filed against the commissioner and the superintendent, and his brief made no separate argument concerning the dismissal

Superior Court (RAJ) rejected the complaint for filing on the ground that the complaint was frivolous.  We affirm the judgments of dismissal.

Background.  The plaintiff filed an informal complaint form with the Department of Correction alleging that plastic pieces from a broken meal tray had made their way into his religious diet meal.  He stated in the informal complaint that he had "just filed a Civil Rights complaint" against the Food Services Director in Suffolk Superior Court.  The informal complaint was denied on the ground that matters being litigated were not grievable.  See 103 Code Mass. Regs. § 491.11(1)(d) (2017).  The next day, the plaintiff filed another informal complaint form, alleging that his plastic meal tray had broken again and that he was worried plastic might get into his food.  The food services director denied the second complaint and offered an alternative resolution, writing that "[t]he religious diet meals are checked before they are placed onto the transport cart.  In the event that they are damaged during transport or on the dumbwaiter,

---

of that complaint.  Since that complaint is not a part of the record appendix of the consolidated appeals, we are unable to address the plaintiff's claims against the commissioner and superintendent, and the appeal as to the dismissal of that complaint has been waived.  See Mass. R. A. P. 16 (a) (9) ("appellate court need not pass upon questions or issues not argued in the brief"); Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007) (plaintiff has obligation to include in record appendix any document upon which his appeal relies).

2

please utilize the call back system and they will be promptly replaced."  The plaintiff appealed the first informal complaint to the institution grievance coordinator, who ruled that the complaint was not grievable as it was a matter of pending litigation.  The plaintiff filed a new inmate grievance form, in which he quarreled with the resolution of his second complaint. That grievance was denied as improperly filed.  The plaintiff appealed the institutional grievance coordinator's decision regarding his first informal complaint, which was denied on the ground that a grievance ruled non-grievable cannot be appealed substantively.  103 Code Mass. Regs. § 491.16(3) (2017).  In response, the plaintiff filed a complaint in Superior Court, alleging that the food services director's participation in the grievance process, and the underlying allegations concerning plastic in his food, constituted a deprivation of due process and cruel and unusual punishment, respectively.

Due to a history of filing frivolous complaints, the plaintiff has been subject to a gatekeeper order since 2011.[4] [5]

---

[4] A judge may impose a gatekeeper order to put "a stop to harassing, vexatious, and repetitious litigation."  State Realty Co. of Boston v. MacNeil, 341 Mass. 123, 124 (1960).

[5] The plaintiff asserts that the gatekeeper order has expired, although he offers no factual or legal support for this conclusion.  See Commonwealth v. Bowler, 407 Mass. 304, 310 (1990) (conclusory statement not supported by citation of authority does not rise to level of appellate argument).

3

This order requires the RAJ to screen the plaintiff's complaints to determine whether they are frivolous.  The RAJ concluded that "this complaint is frivolous, and does not state a recognized claim entitling the plaintiff to relief."  She rejected his complaint for filing and the plaintiff appealed.

   Discussion.  We "liberally constru[e]" the pro se complaint as articulating two claims.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  First, the plaintiff alleges that the food services director deprived him of due process by participating in the grievance procedure.  "Prison inmates have the protections of procedural due process only if there is an existing liberty or property interest at stake."  Torres v. Commissioner of Correction, 427 Mass. 611, 617, cert. denied, 525 U.S. 1017 (1998); see Sandin v. Conner, 515 U.S. 472, 484 (1995).  Here, the plaintiff does not point to any liberty or property interest at stake.  Instead, he argues that the food services director violated State regulations that prohibit an employee who was the subject of a grievance from participating in the grievance process.  See 103 Code Mass. Regs. § 491.15(1) (2017) ("Employees named in a grievance shall not participate in any capacity in the processing, investigation, or decision of the grievance").  The food services director denied the plaintiff's second informal complaint and offered an alternative resolution

4

whereby the plaintiff could use the call back system to request a new meal. The food services director was not named in the second informal complaint, however, nor was it clear that the plaintiff's grievance was against the food services director. In fact, the plaintiff's first informal complaint requested that the food services director supervise the service of the plaintiff's meals. The RAJ did not err in rejecting the plaintiff's due process claim as frivolous.

The plaintiff's Eighth Amendment claim is likewise meritless. To state an Eighth Amendment claim in this context, a prisoner must show that he faced a "sufficiently serious" risk to health or safety and that prison officials acted with "deliberate indifference" to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Torres, 427 Mass. at 613-614. The deliberate indifference standard requires that the defendant consciously disregarded a substantial risk of serious harm. Foster v. Commissioner of Correction, 488 Mass. 643, 652-653 (2021). The plaintiff does not plead any facts that allege that the food services director consciously disregarded the risk of plastic in food. The plaintiff's conclusory assertions that the food services director was "deliberately indifferent" will not suffice. See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) ("we do not accept

legal conclusions cast in the form of factual allegations"). The food services director's response to the plaintiff's informal complaint -- recommending that the plaintiff utilize the call back system to request a replacement meal -- showed that, far from being deliberately indifferent, he was sensitive to the risk of plastic in the plaintiff's religious diet meals. Even "liberally construed," see Estelle, 429 U.S. at 106, the complaint does not state any claim for relief. The RAJ did not err in denying the plaintiff leave to file the complaint against the food service director. Because the plaintiff failed to provide the court with a copy of the complaint against the Commissioner of Correction and the Superintendent of MCI-Norfolk, and because he failed to make any argument in his brief concerning the dismissal of that complaint, see note 3, supra, the judgment as to that complaint is affirmed as well.

Judgments affirmed.

By the Court (Singh, D'Angelo & Hodgens, JJ.[6]),

Clerk

Entered: July 29, 2025.

---

[6] The panelists are listed in order of seniority.