NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-179

BODHISATTVA SKANDHA

vs.

SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, NORFOLK & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment of dismissal of his complaint in the Superior Court.  For the reasons stated below, we affirm.

On August 16, 2024, the plaintiff, who is incarcerated at the Massachusetts Correctional Institution, Norfolk (MCI-Norfolk), submitted an informal complaint form wherein he stated the following concern:

"When the House Officer yells '5 Minutes,' all prisoners should immediately return to their cells and close the door.  If this is not a Rule, it should be a Rule because some prisoners wait until the House Officer yells 'Count!' and are hanging around the hallways making noise, and put the House Officer in the position of having to close the

_____

[1] Institutional grievance coordinator, Massachusetts Correctional Institution, Norfolk.

doors, which may affect his temperament for the rest of his shift."

On the informal complaint form, the plaintiff requested that the institution "[e]ither make a regulation, or by Executive Decree issue a memorandum on this issue as it upsets the orderly running of the institution."  In response, the plaintiff was told to "please address [his] concern with [his] unit officer and/or block sergeant."  On or around August 27, 2024, the plaintiff appealed from the denial of his informal complaint to the institutional grievance coordinator, who denied the grievance but noted that the plaintiff's "concerns have been forwarded to the appropriate people."  The plaintiff then appealed from this denial (by the institutional grievance coordinator) to the superintendent of MCI-Norfolk, who upheld the decision of the institutional grievance coordinator.

On December 10, 2024, the plaintiff filed a nineteen-count complaint in the Superior Court seeking a declaratory judgment.[2] Although not clearly stated, the claims appear to be in the nature of a civil rights action stemming from the rejection of his informal complaint.  Due to a history of filing frivolous, repetitious, and vexatious complaints, the plaintiff has been

_____

[2] The plaintiff's counts reference, inter alia, alleged violations of due process, fraud, and diverting of United States mail.

2

subject to a gatekeeper order requiring prior judicial review of any complaint before acceptance for filing.[3]  Here, the regional administrative justice of the Superior Court (RAJ) concluded that the complaint was "lacking in merit" and rejected his complaint for filing, and a judgment of dismissal entered.  This appeal followed.

The plaintiff acknowledges that the RAJ did not abuse her discretion by screening his case.  Furthermore, the plaintiff has not asked the RAJ to lift or modify the screening order.  Instead, he has raised these claims for the first time on appeal.  As a result, we treat them as waived.  See Tenants' Dev. Corp. v. AMTAX Holdings 227, LLC, 495 Mass. 207, 215 n.13 (2025); Fitzpatrick v. Department of Correction, 102 Mass. App. Ct. 617, 624 n.12 (2023).  In any event, as a panel of this court has previously held in an unpublished decision, "to the extent that the plaintiff challenges the validity of the order entered in 2011, he has no chance of success."  Skandha v. Baima, 97 Mass. App. Ct. 1113 (2020).  The plaintiff has failed to show any changed circumstances that might warrant termination or modification of the order.  The RAJ properly dismissed the

_____

[3] A judge may impose a gatekeeper order to put "a stop to harassing, vexatious, and repetitious litigation."  State Realty Co. of Boston v. MacNeil, 341 Mass. 123, 124 (1960).

3

complaint against all the defendants based on the screening order.

Even assuming, arguendo, that the plaintiff's arguments are properly before us (or that we are required to reach the merits of the complaint in order to determine whether the RAJ abused her discretion in rejecting the complaint for filing), we discern no abuse of discretion in the present case. The plaintiff's claims are unclear at best. His fundamental claim appears to have been that the failure of "some prisoners" to obey the "House Officer's" five-minute notification, "put[s] the House Officer in the position of having to close the doors, which may affect [the House Officer's] temperament for the rest of his shift," thereby requiring the Department of Correction to promulgate a regulation requiring compliance with the five-minute notification. Apart from raising a speculative claim, the plaintiff cites no persuasive authority for the proposition that the Department's practice, or the denial of his informal complaint in the present circumstances, rises to the level of a cognizable due process or civil rights violation. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019); Tobin v. Commissioner of Banks, 377 Mass. 909, 909 (1979). Nor does the plaintiff cite persuasive authority for the proposition that a regulation must be promulgated in this specific context.

4

See Commonwealth v. Trumble, 396 Mass. 81, 89 (1985) (policy not subject to Administrative Procedures Act where it concerns how officers conduct searches already taking place).  In short, on the record before us, we cannot say that the Superior Court judge abused her discretion in rejecting the present complaint for filing.[4]  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

                              Judgment of dismissal
                                 affirmed.

                              By the Court (Meade, Neyman &
                                 Walsh, JJ.[5]),

                              *Paul Little*

                              Clerk

Entered:  November 19, 2025.

---

[4] To the extent we do not discuss other arguments made by the plaintiff, they have not been overlooked.  "We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[5] The panelists are listed in order of seniority.

5