NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-120

JACQUES E. MITRI

vs.

NATIONSTAR MORTGAGE LLC.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jacques E. Mitri, appeals from the dismissal of his complaint filed in the Superior Court in 2024 against the defendant, Nationstar Mortgage LLC (Nationstar).  The complaint was dismissed on the ground that it violated a 2019 Superior Court order prohibiting the plaintiff from filing new actions challenging his mortgage foreclosure and eviction without prior authorization.  We affirm.

Background.  The plaintiff has spent well over a decade litigating and relitigating, in the Housing Court, the Land Court, the Superior Court, the Federal courts -- and in this court -- the foreclosure on his mortgage in 2011 and his

---

[1] Doing business as Mr. Cooper.

subsequent eviction from a single-family residence in Holliston. In one of his many lawsuits, filed in the Middlesex County Superior Court in July 2019 (No. 1981CV01921), the plaintiff sued Aurora Loan Services, LLC, Aurora Bank, FSB, and Nationstar, alleging an unlawful foreclosure on his home. A Superior Court judge dismissed the complaint and denied several postjudgment motions. Thereafter, in an order entered on August 27, 2019 (2019 order), after denying yet another postjudgment motion, the judge added, "Unless he receives prior authority from this court, plaintiff is also prohibited from filing a new action in this court based on this same dispute."

On July 16, 2024, without obtaining prior authorization, the plaintiff filed the current complaint against Nationstar alleging unlawful foreclosure and eviction (No. 2481CV01863). A different Superior Court judge realized that the complaint had been accepted for filing without authorization under the 2019 order. Concluding that the complaint involved the same dispute as the 2019 action, the second judge determined that it should not be authorized and dismissed it.

Discussion. The Superior Court has the discretion to prohibit a plaintiff from bringing future legal proceedings without prior leave of the court when such an action is necessary to put "a stop to harassing, vexatious, and repetitious litigation." State Realty Co. of Boston v. MacNeil,

2

341 Mass. 123, 124 (1960). Cf. Sommer v. Maharaj, 451 Mass. 615, 621 (2008) (Superior Court possesses "inherent power to enforce its own orders, to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," including power to dismiss case "when justified by a party's extreme conduct" [quotation and citations omitted]). The plaintiff does not challenge the propriety of the 2019 order, but instead argues that the current action is not based on the "same dispute" because it asserts claims arising from alleged violations of an Assurance of Discontinuance (AOD) between the defendant and the Attorney General and an unlawful eviction, rather than a challenge to the 2011 foreclosure.

We disagree. The claims asserted in the 2024 action were in fact included in the complaint in the 2019 action. In the 2019 action, the plaintiff named Nationstar as a defendant and specifically alleged that his eviction by Nationstar violated the AOD. In his prayer for relief, he asked the court to void the eviction. His complaint in the 2024 action arises out of the exact same issue. Moreover, we agree with the second judge that "[t]his action involves the same dispute as prior actions and almost certainly is subject to res judicata" and that "it serves no legitimate purpose to permit [the plaintiff] to use

3

court proceedings, again, to challenge a 2011 foreclosure where his claims already have been litigated."

Judgment affirmed.

By the Court (Massing, Singh & Grant, JJ.[2]),

Clerk

Entered:  May 14, 2026.

---

[2] The panelists are listed in order of seniority.