NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-121

JACQUES E. MITRI

vs.

CHRISTINA C. FERGUSON MARGE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jacques E. Mitri, appeals from the dismissal of his complaint filed in the Superior Court in 2024 against the defendants.  The complaint was dismissed on the ground that it violated a 2019 Superior Court order prohibiting the plaintiff from filing new actions challenging his mortgage foreclosure and eviction without prior authorization.  We affirm.

Background.  The plaintiff has spent well over a decade litigating and relitigating, in the Housing Court, the Land Court, the Superior Court, the Federal courts -- and in this court -- the foreclosure on his mortgage in 2011 and his

_____

[1] Michael C. Marge, Louise M. Ferguson, Timothy J. Ferguson, and Brendan T. Ferguson.

subsequent eviction from a single-family residence in Holliston. In one of his many lawsuits, filed in the Middlesex County Superior Court in July 2019 (No. 1981CV-01921), the plaintiff sued Aurora Loan Services, LLC, Aurora Bank, FSB, and Nationstar Mortgage LLC, alleging "an unlawful foreclosure" on his home. A Superior Court judge dismissed the complaint and denied several postjudgment motions. Thereafter, in an order entered on August 27, 2019 (2019 order), after denying yet another postjudgment motion, the judge added, "Unless he receives prior authority from this court, plaintiff is also prohibited from filing a new action in this court based on this same dispute."

On July 18, 2024, without obtaining prior authorization, the plaintiff filed the current complaint against the defendants, alleging claims of "scam," mortgage fraud, unlawful foreclosure, title theft, violation of G. L. c. 93A, violation of what the plaintiff characterizes as a lis pendens restraining order,[2] violation of a stay-away order, violation of the COVID-19 foreclosure moratorium, trespass, harassment, "assault in the house of worship," "intentional and emotional distress," and

_____

[2] A memorandum of lis pendens is not a restraining order. While the plaintiff may have obtained, for a brief time, a memorandum of lis pendens, and while the memorandum may have made selling the property more difficult, it did not prevent the true owner of the property from selling it to a willing buyer. See Debral Realty, Inc. v. DiChiara, 383 Mass. 559, 564 & n.9 (1981).

declaratory judgment (No. 2481CV-01879).  A different Superior Court judge realized that the complaint had been accepted for filing without authorization under the 2019 order.  Concluding that the complaint involved the same dispute as the 2019 action, the second judge determined that it should not be authorized and dismissed it.

Discussion.  The Superior Court has the discretion to prohibit a plaintiff from bringing future legal proceedings without prior leave of the court when such an action is necessary to put "a stop to harassing, vexatious, and repetitious litigation."  State Realty Co. of Boston v. MacNeil, 341 Mass. 123, 124 (1960).  Cf. Sommer v. Maharaj, 451 Mass. 615, 621 (2008) (Superior Court possesses "inherent power to enforce its own orders, to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," including power to dismiss case "when justified by a party's extreme conduct" [quotation and citations omitted]).  The plaintiff does not challenge the propriety of the 2019 order, but instead argues that the current action is not based on the "same dispute" because it does not challenge the foreclosure, but instead asserts claims of "Harassment, Assault, Scam, Mortgage Fraud, Title Theft, and Trespass."

The plaintiff's argument is meritless on its face.  The very terms he uses -- scam, mortgage fraud, title theft, and

3

trespass -- all describe his repeated challenges to his foreclosure and eviction. A review of the allegations in the complaint confirms that the vast majority of his claims arise from the foreclosure and eviction and either were raised, or could have been raised, in one or more of the plaintiff's previous lawsuits. We agree with the second judge that "[t]his action involves the same dispute as prior actions and almost certainly is subject to res judicata, statute of limitations, and other threshold defenses."

In one respect, the current complaint raised new claims that could not have been brought in previous actions. The plaintiff alleged that on occasions in 2022 and 2023, he encountered the defendants during church activities and they asked him, through a person with a similar-sounding last name as the plaintiff, to stay away from them or to leave. The plaintiff further alleges that once, when he refused to leave, defendant Brendan Ferguson "chased the Plaintiff to the [church] Hall and physically tried to remove him." The plaintiff's claims of harassment, assault, and emotional distress are based on these facts.

The judge noted, however, that defendants Christina and Michael Marge had obtained harassment prevention orders against the plaintiff, and that he had in fact been criminally charged with violating these orders. The defendants, accordingly, had

4

good reason to ask the plaintiff to stay away from them.  The judge also suggested that bringing the current action against the defendants violated the harassment prevention orders.  The judge determined, "In these circumstances, it serves no legitimate purpose to permit [the plaintiff] to use court proceedings . . . to harass the defendants."  We agree.  Assuming the truth of the plaintiff's allegations of the defendants' conduct in 2022 and 2023, that conduct is related to the plaintiff's serial litigation of the foreclosure and eviction.  In addition, those allegations fail to establish a plausible entitlement to relief under any recognized cause of action.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  Accordingly, it was within the judge's discretion to refuse to grant the plaintiff permission to proceed on the complaint.  Id.

Judgment affirmed.

By the Court (Massing,
  Singh & Grant, JJ.[3]),

Clerk

Entered:  May 14, 2026.

---

[3] The panelists are listed in order of seniority.

5